IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11-07-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROBERT ORVILLE ROWE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court held a bench trial on this matter on July 11, 2011, and found the Defendant guilty on Count I (sexual exploitation of children, 18 U.S.C. § 2251(a)), Count II (sexual exploitation of children, 18 U.S.C. § 2251(a)), and Count III (possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B)) of the Indictment. Without objection, the Court stated its specific findings of fact in open court,

describing in detail the bases for each finding, and in particular the reasons supporting the Court's conclusion that the images and videos at issue in Counts I, II, and III depict minors engaged in sexually explicit conduct. In making its findings the Court did not specifically identify by file name the images and videos it determined to be child pornography. After entering its findings and reasoning into the record, the Court gave each party the opportunity to request specified written findings identifying each file found to contain child pornography by file name. Both parties responded that they were satisfied with the Court's entry of its findings in open court, and that no further findings are necessary.

Defendant Rowe has now filed a motion for acquittal under Fed. R. Crim. P. 29(c), or in the alternative for a new trial as to Counts I and II, alleging sexual exploitation of children, under Fed. R. Crim. P. 33(b)(2). He argues that he should have been convicted of video voyeurism on those counts—which he contends is a lesser included offense of sexual exploitation of children—because the stipulated evidence is insufficient to support a finding that the images and videos that are the subject of those Counts depict a minor engaged in sexually explicit conduct. The United States opposes the motion.

Under Rule 29, a court must enter a judgment of acquittal "of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). If a court finds that the evidence is not sufficient to support the offense of

conviction, it may consider whether the evidence is nonetheless sufficient to sustain a conviction on a lesser included charge. United States v. Wood, 207 F.3d 1222, 1229 (10th Cir. 2000). Defendant Rowe urges the Court to consider the applicability of video voyeurism as a lesser included offense, but he fails to make any effort to establish the necessary precondition to such consideration, i.e., that the stipulated evidence is insufficient to sustain convictions on Counts I and II for the offense of sexual exploitation of children.

A defendant who has been convicted will prevail on a Rule 29 motion only where, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the elements of the crime charged beyond a reasonable doubt. United States v. Harris, 792 F.2d 866, 868 (9th Cir. 1986). Defendant Rowe has made no effort to make such a showing in support of his motion. His entire argument on the issue is confined to the final sentence of the his brief's argument section, in which he asserts, "[T]he images supporting [Counts I and II] were not 'sexually explicit conduct' as defined under 18 U.S.C. § 1801(b)(3) [sic]." Doc. No. 50 at 6. Defendant Rowe presumably meant to refer not to 18 U.S.C. § 1801, which is the video voyeurism statute and contains no reference to sexually explicit conduct, but rather 18 U.S.C. § 2251(a), which criminalizes sexual exploitation of children and is the offense of conviction on Counts I and II.

In any case, the Defendant's argument in support of his Rule 29 motion is unsupported and unpersuasive. He makes no reference to the elements of § 2251(a), the Dost factors[1] for determining whether an image depicts a lascivious exhibition of the genitals or pubic area, the content of the images at issue, or this Court's detailed findings entered into the record in open court. The argument implicit in the Defendant's assertion is the absence of complete nudity precludes manipulated pictures of the child's genital area from being either sexually explicit or lascivious, a position expressly rejected in my trial fact findings. Because the Defendant's brief does not make even a cursory attempt to show that no rational trier of fact could find that the stipulated evidence supports a verdict of guilty beyond a reasonable doubt, the motion for judgment of acquittal under Rule 29(c) is denied.

Defendant Rowe also seeks a new trial under Fed. R. Crim. P. 33(b)(2), which authorizes a court to vacate a judgment and grant a new trial "if the interest of justice so requires." Although he does not articulate the precise reasons for moving in the alternative for a new trial, Rowe's argument appears to be that the Court should have considered convicting Rowe of video voyeurism, which he argues is a lesser included offense.

The video voyeurism statute provides,

---

[1] United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

> Whoever, in the special maritime and territorial jurisdiction of the United States, has the intent to capture an image of a private area of an individual without their consent, and knowingly does so under circumstances in which the individual has a reasonable expectation of privacy, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 1801(a).

The video voyeurism statute is inapplicable to this case on its face, because it relies on federal enclave jurisdiction. There is no allegation in the Indictment and no evidence in the record suggesting that the offenses at issue in this case occurred in the maritime or territorial jurisdiction of the United States. Defendant Rowe concedes that the text of the statute presents a jurisdictional problem, but argues that the Court may nonetheless convict and sentence him for video voyeurism. In support of his position Rowe relies on United States v. Bowman, 679 F.2d 798 (9th Cir. 1982).

To properly contextualize the Bowman case, it is necessary to first discuss Keeble v. United States, 412 U.S. 205 (1973), the Supreme Court opinion upon which Bowman relies. Keeble involved the prosecution under the Major Crimes Act, 18 U.S.C. § 1153, of an Indian person for an offense committed on an Indian Reservation. 412 U.S. at 206. The defendant was charged with assault with intent to commit serious bodily injury, one of the offenses enumerated in § 1153. Id. The defendant requested that the jury be instructed on the lesser included offense

of misdemeanor assault, a crime under federal enclave jurisdiction, and the trial court refused on jurisdictional grounds. Id. The Eighth Circuit affirmed, on the grounds that the Major Crimes Act is a statutorily-mandated intrusion into the self-governance of Indian tribes, and therefore its grant of jurisdiction cannot extend beyond the felony offenses enumerated in § 1153. United States v. Keeble, 459 F.2d 757, 762 (8th Cir. 1972) (citing Kills Crow v. United States, 451 F.2d 323 (8th Cir. 1971)).

The Supreme Court reversed, basing its opinion on the inequity that would result for Indian defendants if the trial court's jurisdiction were strictly confined to the crimes set forth in § 1153. The Court noted that if a non-Indian had committed the same felony offense on a reservation, he would be charged under 18 U.S.C. § 1152 and tried in federal court under federal enclave law. Keeble, 412 U.S. at 209 n.8. Because the non-Indian defendant's identical felony offense falls under federal enclave jurisdiction, the Court explained, the non-Indian would have the right to an instruction on the lesser included offense of misdemeanor assault. Id. at 208-09. The Supreme Court concluded that jurisdiction under the Major Crimes Act should not be so strictly construed as to deny an Indian defendant a lesser included instruction simply because he is an Indian. Emphasizing that its decision did not expand the reach of the Major Crimes Act, the majority stated, "We hold only that where an Indian is prosecuted in federal court under the provisions of the

Act, the Act does not require that he be deprived of the protection afforded by an instruction on a lesser included offense, assuming of course that the evidence warrants such an instruction." Id. at 214.

The Ninth Circuit's opinion in Bowman followed the Keeble decision. Bowman involved an Indian defendant charged under the Major Crimes Act, who requested and received an instruction on a lesser included misdemeanor offense supported by federal enclave jurisdiction. 679 F.2d at 799. The trial court granted the request and the defendant was convicted and sentenced for the lesser offense. Id. The defendant then appealed, arguing that while he was entitled to a lesser included instruction under Keeble, the trial court nonetheless lacked jurisdiction to sentence him for the misdemeanor offense because it was not one of the enumerated offenses under the Major Crimes Act. Id. The Ninth Circuit rejected the argument, stating:

> We affirm because we conclude that the Supreme Court implicitly resolved the jurisdictional question against appellant's position when it decided Keeble v. United States. In that case the Eighth Circuit had reaffirmed its earlier holding that jurisdiction to convict of lesser included offenses could not be inferred from the Major Crimes Act, which was to be strictly construed. For that reason, the Court of Appeals concluded that the defendant was not entitled to a jury instruction regarding a lesser included offense. The Supreme Court reversed. It held that when the facts and the evidence merit such an instruction, the Indian defendant no less than any other is entitled, if he so requests, to have the jury instructed that it may convict him of the lesser included offense.

Id. (citation omitted).

Defendant Rowe relies upon the quoted language from Bowman to argue that under Ninth Circuit law, this Court is free to ignore the jurisdictional dimension of the video voyeurism offense so long as the remaining elements qualify it as a lesser included offense. This reading of Bowman is too broad, and ignores the basis for the holding in Keeble. Neither case stands for the proposition that jurisdictional limitations are to be disregarded when considering whether to instruct on a lesser included offense. The Keeble majority held that the Major Crimes Act cannot work to deprive an Indian person of the procedural rights available to a non-Indian charged with the same offense. Bowman holds simply that an Indian defendant who has requested and received an instruction on a lesser included federal enclave misdemeanor cannot, as they say, have his cake and eat it too by contesting the court's jurisdiction to sentence him for the same misdemeanor.

These cases have no application here, where the Defendant is not an Indian person and the charged offense does not fall under the Major Crimes Act. This Court does not have jurisdiction over a video voyeurism charge against Defendant Rowe, and therefore it would be inappropriate to consider video voyeurism under 18 U.S.C. § 1801 as a lesser included offense. There being no other basis for a new trial, Defendant Rowe's Rule 33(b)(2) motion is denied.

Accordingly, IT IS HEREBY ORDERED that Defendant Rowe's motion for acquittal or in the alternative for a new trial (Doc. No. 49) is DENIED.

Dated this 18th day of August, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT